IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARK T. STINSON, SR**                                                                     **PLAINTIFF**

**V.**                                        **CASE NO. 2:22-cv-00212 JM**

**JOHN P. YATES, Warden,**
**FCI-Forrest City Low, BOP;**
**BLAIR, Camp Unit Manager, BOP;**
**B. CRAWFORD, Officer, BOP;**
**RANDLE, Lt., BOP;  RENDON,**
**Camp Unit Manager, BOP**                                                    **DEFENDANTS**

**Consolidated With:**

**MARK T. STINSON, SR**                                                                     **PLAINTIFF**

**V.**                                        **CASE NO. 2:22-cv-00213 JM**

**JOHN P. YATES, Warden;**
**BLAIR, Camp Unit Manager;**
**RANDLE;  RENDON, Camp**
**Counselor;  B. CRAWFORD,**
**Officer with BOP**                                                              **DEFENDANTS**

**<u>ORDER</u>**

Plaintiff Mark Stinson, a federal prisoner currently on probation, initiated the above-named cases and filed accompanying motions to proceed *in forma pauperis* in the Western District of Tennessee. *See Stinson v. Yates, et al.*, Case No. 2:22-cv-02695 (W.D. Tenn.); *Stinson v. Yates, et al.*, Case No. 2:22-cv-02697 (W.D. Tenn.). The Court granted Stinson's motions to proceed IFP but transferred the cases to this district pursuant to 28 U.S.C. § 1406(a). (*Id.*) (Docs. 5 & 6); (*Id.*) (Docs. 8 & 10). The Court must screen the Complaints. 28 U.S.C. § 1915(e)(2)(B).

I.       **Screening**

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level. *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.     Stinson's Claims

Stinson's claims are barred by *res judicata* because the claims and defendants in these cases mirror those named in his Complaint filed on August 23, 2021. *See Stinson v. Yates, et al.*, 2:21-cv-00111-DPM (E.D. Ark.), *aff'd*, 2021 WL 8129556 (8th Cir.), *cert. denied*, 143 U.S. 130 (Oct. 5, 2022).  In *Stinson v. Yates*, Stinson sought damages and injunctive relief alleging he suffered retaliation, cruel and unusual punishment, and the denial of due process after being placed in the Special Housing Unit (SHU) for refusing to report to his job. He also argued that he was wrongly transferred between camps without the proper review.  He repeats these claims now.

Chief Judge D. Price Marshall adopted the recommendation of Magistrate Judge Kearney and declined "to extend *Bivens* to First Amendment retaliation claims" and found Stinson failed to state a due process claim based on his time in the SHU. (*Id.*) (Doc. 10 at 1-2). As noted above, all of Stinson's appeals of that ruling have failed. Despite this, Stinson again attempts to revive these claims.

*Res judicata* applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction' (3) both suits involve the same parties . . . ; and

(4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (internal citation omitted).  For *res judicata* purposes, two claims are the same if they "arise out of the same nucleus of operative fact or are based on the same factual predicate." *Id.* (internal citation omitted). Stinson's claims in these cases are identical to his claims in *Stinson v. Yates*. Further, the defendants in all the cases are the same. Accordingly, *res judicata* bars his claims in this case.

### III.    Conclusion

IT IS, THEREFORE, ORDERED that:

1.      Stinson's retaliation and due process claims are DISMISSED with prejudice as barred by *res judicata*.

2.      The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order and accompanying Judgment is considered frivolous and not in good faith.

DATED this 29th day of December, 2022.

_____
UNITED STATES DISTRICT JUDGE